UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

In re:
<u>William McNeir Richmond</u>
     Debtor

_____

<u>New Hampshire Supreme Court</u>
<u>Committee on Professional</u>
<u>Conduct</u>,
     Appellee

     v.                                   Civil No.06-cv-426-SM
                                         Opinion No. 2007 DNH 121

<u>William McNeir Richmond</u>,
     Appellant

### **O R D E R**

William McNeir Richmond ("Richmond"), a Chapter 7 debtor, appeals the bankruptcy court's (Deasy, J.) determination that the costs assessed against him by the New Hampshire Supreme Court Committee on Professional Conduct ("PCC") at the conclusion of each of two disciplinary proceedings are not dischargeable. The PCC found Richmond guilty of misconduct in each case. He was suspended from the practice of law initially and, after the second proceeding, was disbarred. For the reasons given below, the decision of the bankruptcy court is affirmed.

## Standard of Review

A bankruptcy court's findings of fact are not set aside unless clearly erroneous. Palmacci v. Umpierrez, 121 F.3d 781, 785 (1st Cir. 1997) (citing FED. R. BANKR. P. 8013; Commerce Bank & Trust Co. v. Burgess (In re Burgess), 955 F.2d 134, 137 (1st Cir. 1992); FED. R. CIV. P. 52(c), advisory committee's note to 1991 Amendment). However, a "bankruptcy court's legal conclusions, drawn from the facts so found, are reviewed de novo." Palmacci, 121 F.3d at 785 (citing Martin v. Bajgar (In re Bajgar), 104 F.3d 495, 497 (1st Cir. 1997))  "On an appeal the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings."  FED. R. BANKR. P. 8013.

## Background

Richmond has been the subject of two PCC disciplinary proceedings.  See Richmond's Case (Richmond I), 152 N.H. 155 (2005); Richmond's Case (Richmond II), 153 N.H. 729 (2006).  In Richmond I, the New Hampshire Supreme Court suspended Richmond from the practice of law for six months and, among other things, adopted the referee's recommendation that Richmond be ordered to "reimburse the committee for the costs of investigating and prosecuting this matter."  152 N.H. at 162.  In Richmond II, the

New Hampshire Supreme Court disbarred Richmond and, among other things, ordered him to "reimburse the committee for all of its expenses, including legal fees, incurred in investigating and prosecuting this matter."  153 N.H. at 746.

While his disciplinary proceedings were under way, Richmond sought protection from creditors under Chapter 7 of the United States Bankruptcy Code.  The PCC "filed a complaint pursuant to 11 U.S.C. § 523(a)(7) seeking to except from [Richmond's] discharge his obligations to the [PCC] arising out of [his] two attorney disciplinary proceedings."  <u>N.H. Sup. Ct. Prof'l Conduct Comm. v. Richmond</u> (<u>In re Richmond</u>), 351 B.R. 6, 7–8 (Bankr. D.N.H. 2006).  The bankruptcy court "conclude[d] that [Richmond's] obligation to pay the Disciplinary Costs to the [PCC] falls within the provisions of § 523(a)(7) as it is a debt 'for a fine, penalty or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss.'"  <u>Id.</u> at 14.  This appeal followed.

**Discussion**

Under the Bankruptcy Code, "a discharge . . . does not discharge an individual debtor from any debt . . . to the extent such debt is for a fine, penalty, or forfeiture payable to and

for the benefit of a governmental unit, and is not compensation for actual pecuniary loss." 11 U.S.C. § 523(a)(7). Here, the parties agree that the disputed PCC assessments are "payable to and for the benefit of a governmental unit." The two points of dispute are whether a PCC assessment qualifies as "a fine, penalty, or forfeiture" and whether such an assessment is "compensation for actual pecuniary loss." According to Richmond, the bankruptcy court erroneously ruled against him on both points.

To support his argument that the costs assessed against him do not qualify as a "fine, penalty, or forfeiture," Richmond relies upon various dictionary definitions, points out that the provision pertaining to PCC cost assessments, New Hampshire Supreme Court Rule 37(16), is not found in that section of the rules titled "Types of Discipline and Other Possible Actions," N.H. Sup. Ct. R. 37A(1)(e), and opines that the possible imposition of costs upon attorneys subject to PCC discipline is generally treated as an afterthought by the PCC and the New Hampshire Supreme Court, and, in any event, has little or no deterrent effect. Moreover, Richmond argues, or at least argued before the bankruptcy court, that the costs assessed against him were not fines or penalties because "the New Hampshire attorney

disciplinary system is not penal in nature." In re Richmond, 351 B.R. at 11.

At the time of the disciplinary proceedings against Richmond, costs were assessed pursuant to Supreme Court Rule 37(16), which provided that "[a]ll expenses incurred by the committee and by bar counsel in the investigation and enforcement of discipline shall be paid by the New Hampshire Bar Association in the first instance but may, in whole or in part, be assessed to a disciplined attorney to the extent appropriate."  The fact that only a "disciplined attorney" is subject to an assessment of expenses suggests that the assessment is in the nature of a fine or penalty.  Even more persuasive, however, is the following observation by the New Hampshire Supreme Court:

> We retain the ultimate authority to determine the
> appropriate sanction for a violation of the rules
> governing attorney conduct.  Wood's Case, 137 N.H. 698,
> 701 (1993).  In exercising our authority, we are
> mindful that discipline is not intended as a mode of
> inflicting punishment for an offense.  Silverstein's
> Case, 108 N.H. 400, 401 (1967).  Rather, "[t]he purpose
> of the court's disciplinary power is to protect the
> public, maintain public confidence in the bar, preserve
> the integrity of the legal profession, and prevent
> similar conduct in the future."  Budnitz' Case, 139
> N.H. 489, 492 (1995) (quotation and ellipsis omitted).
> The sanction we impose must be sufficient to satisfy
> these goals, and must take into account the severity of
> the misconduct and any mitigating circumstances
> disclosed by the record.  Welts' Case, 136 N.H. 588,

> 592 (1993). . . . Every case is judged on its own
> facts and circumstances. <u>Id.</u>
>
> The respondent committed serious infractions of
> the rules that regulate the handling of client funds by
> attorneys. . . . We conclude, however, that because of
> mitigating factors, a conditionally delayed two-year
> suspension, <u>coupled with an obligation to pay costs,
> will protect the public, maintain public confidence in
> the bar, preserve the integrity of the legal
> profession, and prevent similar conduct in the future</u>.

<u>Morgan's Case</u>, 143 N.H. 475, 476-77 (1999) (parallel citations omitted, emphasis added).

It may well be that "the New Hampshire attorney discipline system is not penal in nature." <u>In re Richmond</u>, 351 B.R. at 11. But that system, penal or not, does impose sanctions, and in <u>Morgan's Case</u>, the New Hampshire Supreme Court placed suspension and the payment of costs on the same footing, as sanctions, that "protect the public, maintain public confidence in the bar, preserve the integrity of the legal profession, and prevent similar conduct in the future." 143 N.H. at 477. Suspension from the practice of law is a serious penalty, and, because suspension and the payment of costs were imposed in <u>Morgan's Case</u> in conjunction, and in furtherance of the same goals, it is difficult to argue that the Supreme Court viewed only the suspension as a penalty and considered the assessment of costs to

be something other than a penalty or fine.  Finally, while not dispositive, it is worth noting that a decided majority of courts that have considered this issue have also held that when attorney discipline includes an assessment of costs, those costs are in the nature of a fine or penalty for purposes of 11 U.S.C. § 523(a)(7).  See In re Richmond, 351 B.R. at 13 (collecting cases).  The costs assessed against Richmond as part of the discipline imposed by the PCC are in the nature of a fine or penalty for the purposes of 11 U.S.C. § 523(a)(7), and the bankruptcy court did not err in so concluding.

   Richmond also argues that the costs assessed against him by the PCC were dischargeable because they constituted "compensation for actual pecuniary loss."  11 U.S.C. § 523(a)(7).  He bases his argument upon the fact that PCC assessments are not imposed at a flat rate, but are based upon actual costs incurred by the PCC, which vary from case to case.  He also relies upon the New Hampshire Supreme Court's consistent reference to the cost assessment as "reimbursement."  The bankruptcy court did not err in ruling against Richmond on this issue.

   The discussion of this issue in Attorney Grievance Commission of Maryland v. Smith (In re Smith), 317 B.R. 302

(Bankr. D. Md. 2004), a case upon which the bankruptcy court relied, is persuasive. There, the court first explained that "[t]he mere fact that a penal sanction is calculated by reference to actual costs does not, in and of itself, transform the penalty into compensation for pecuniary loss." Id. at 312. The court further explained that as a governmental entity that "will carry out its disciplinary functions regardless of whether it recovers costs awarded to it," id., and that "fulfill[s] a public function of government in bringing attorney disciplinary proceedings," id., an attorney disciplinary committee is incapable of incurring an "actual pecuniary loss" for purposes of 11 U.S.C. § 523(a)(7). The bankruptcy court's reliance upon In re Smith was not misplaced, and the court did not err in determining that Richmond's PCC assessments were not reimbursements for actual pecuniary losses.

## Conclusion

Because the bankruptcy court did not err in concluding that the costs assessed against Richmond were in the nature of a fine or penalty and were not compensation for actual pecuniary loss, its decision to deem Richmond's disciplinary assessment nondischargeable is affirmed.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

September 27, 2007

cc:  Joseph A. Foster, Esq.
     Cheryl C. Deshaies, Esq.
     Bruce A. Harwood, Esq.
     Michael S. Askenaizer, Esq.
     Geraldine L. Karonis, Esq.